UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DIEHL,

    Plaintiff,                                       CASE NO.:

vs.

AFS TECHNOLOGIES HOLDINGS, INC.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN DIEHL, hereinafter referred to as "PLAINTIFF" by and through his undersigned counsel and sues the Defendant, AFS TECHNOLOGIES HOLDINGS, INC. hereinafter referred to as "DEFENDANT", and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391 and § 1367.

## PARTIES

3. Plaintiff is a resident of Pinellas County, Florida.

4. Defendant is Florida corporations, authorized and doing business in

Hillsborough County, Florida.

5. Defendant is an employer as defined by the laws under which this action is brought and employ the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and Florida Commission on Human Relations (FCHR). A copy of the charge is attached as Exhibit A.

7. All conditions precedent to bringing this action have occurred under the Age Discrimination in Employment Act as more than sixty (60) days have passed since the filing of Plaintiff's Charge of Discrimination.

8. Plaintiff intends to move for leave of court to file his claims under Fla. Stat. Chap. 760 once the 180 days have passed since filing the Charge of Discrimination.

## GENERAL ALLEGATIONS

9. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's Federal and State protected rights.

10. At all times material, Plaintiff was qualified to perform his job within the legitimate expectations of his employer.

11. Plaintiff has been required to retain the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for

their services.

## FACTUAL ALLEGATIONS

12. Plaintiff was hired on or about November 11, 2019 as a Senior Accountant, by his then boss David Sewell.

13. Claimant is fifty-five years old. Mr. Sewell was also in his fifties.

14. In September 2020, Mr. Sewell departed the company and was replaced by the new Controller Nichole Lacko who was in her thirties.

15. During Plaintiff's employment there were two senior accountants reporting to the Controller, Plaintiff and another individual who was in her mid to late forties, Ms. Jarrell.

16. Plaintiff's peer, Ms. Jarrell voluntarily departed the company in late September 2020.

17. The new controller, Ms. Lacko, replaced Ms. Jarrell with a thirty-three-year-old woman.

18. Claimant had an unblemished personnel file.

19. On November 5, 2020, Ms. Lacko, called Plaintiff along with a human resources representative and informed him they were taking the department in a different direction and that Plaintiff's position was not included in that direction.

20. Plaintiff was the only individual in his department whose position was eliminated. The newly hired thirty-three-year-old senior accountant was not

selected for layoff.

## COUNT I
## AGE DISCRIMINATION PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT

21. Plaintiff realleges and adopts the allegations stated in Paragraphs 1–20.

22. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act.

23. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his age in violation of the Age Discrimination in Employment Act.

24. The comments and conduct of Defendant constitute unlawful harassment and created a hostile work environment.

25. Defendant knew or should have known of the discrimination.

26. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendant for back pay and benefits, front pay and benefits, compensatory damages, punitive damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

DATED this 25th day of March 2021.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
 Facsimile (727) 483-7942
Attorneys for Plaintiff